UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS III,

       Plaintiff,

                              CASE NO. 06-CV-12820
v.                          HONORABLE PATRICK J. DUGGAN

MARK BEZY, et al.,

       Defendants.
_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on August 10, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

**I.**

The Court has before it Plaintiff's *pro se* civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S Ct. 1999 (1971). A *Bivens* action is considered the federal counterpart to an action brought pursuant to 42 U.S.C. § 1983. *See Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). Plaintiff is a federal prisoner currently confined at the Federal Correctional Institution in Terre Haute, Indiana. Plaintiff is serving a 120-month sentence based upon his guilty plea to one count of violating 18

U.S.C. § 513 (counterfeit securities), which was entered in this Court before the Honorable Bernard A. Friedman. *See United States of America v. Andrew Gross*, 02-CR-80163-DT (amended judgment of sentence filed on March 6, 2006). The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

In his complaint, Plaintiff challenges his sentence and the application of the Federal Sentencing Guidelines. Plaintiff also alleges that prison officials have failed to file/resolve his grievances as to such matters. As Defendants, Plaintiff names Warden Mark A. Bezy, Head Unit Manager Carlston, Case Manager Thomas, Chief Probation Officer David D. Keeler, United States Attorney Steven Murphy, and United States Attorney General Alberto Gonzales. Plaintiff seeks injunctive relief and monetary damages.

## II.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court similarly is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

### III.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal under 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915(e)(2)(b) and 1915A for failure to state a claim upon which relief may be granted.

### A.

In his complaint, Plaintiff challenges his federal sentence and the application of the Federal Sentencing Guidelines in his criminal proceedings. Ruling on Plaintiff's challenge would necessarily imply the invalidity of his sentence and current confinement. Such claims are not properly brought under 42 U.S.C. § 1983 or *Bivens*. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364 (1994)(holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment

if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see also Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998)(holding that *Heck* applies to *Bivens* actions). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. Plaintiff has not shown that his sentence has been reversed on appeal or otherwise declared invalid. Accordingly, to the extent that Petitioner challenges his criminal sentence, his civil rights complaint must be dismissed.

## B.

Plaintiff also alleges that Defendants Bezy, Carlston, and Thomas failed to properly process or file his grievances challenging his sentence. As an initial matter, Plaintiff's challenge to the district court's sentence is not a grievable issue as it does not relate to the conditions of his confinement. In any event, Plaintiff fails to state a claim upon which relief may be granted because he does not have a protected interest in the grievance procedure under federal law. *Walker v. Michigan Dep't of Corrections*, 128 Fed. Appx. 441, 445 (6th Cir. 2005)(collecting cases); *Propes v. May*, 169 Fed. Appx. 183, 184-85 (5th Cir. 2006); *Moes v. Milton*, – F. Supp. 2d – , 2006 WL 1348114, at *4 (N.D. Ohio May 15, 2006); *Richardson v. Sullivan*, – F. Supp. 2d – , 2005 WL 2465936, at *6 (E.D. Cal. Oct. 5, 2005). Defendants' alleged failure to address Plaintiff's grievances does not constitute the violation of a federal right and therefore Plaintiff

cannot establish, as a matter of law, the second element of his federal civil rights claim against them. *Id*.

## IV.

For the reasons set forth above, the Court concludes that Plaintiff has failed to state a claim against Defendants upon which relief may be granted under *Bivens*.[1]

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copy to:
Andrew Gross III, #28240-039
FCI Terra Haute
Federal Correctional Institution
P.O. Box 33
Terra Haute, Indiana 47808

---

[1] On August 2, 2006, Plaintiff filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). Based on the Court's conclusions in this Opinion and Order, that motion is denied as moot.