UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS III,

      Plaintiff,

                                        CASE NO. 06-CV-12820
v.                                    Honorable Patrick J. Duggan

ALBERTO GONZALES, MARK BEZY,
DAVID D. KELLER, STEVE MURPHY,
CARLSTON, and THOMAS,

      Defendants.
_____/

## OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

The Court has before it Plaintiff Andrew Gross III's motion to alter or amend judgment, brought pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff seeks to alter or amend the Court's August 10, 2006 dismissal of his *pro se* civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S Ct. 1999 (1971).

Plaintiff  is serving a 120-month federal sentence based upon his guilty plea to one count of violating 18 U.S.C. § 513 (counterfeit securities), which was entered before the Honorable Bernard A. Friedman. *See United States of America v. Andrew Gross*, 02-CR-80163-DT (amended judgment of sentence filed on March 6, 2006). In his complaint, Plaintiff challenged his sentence and the application of the United States Sentencing Guidelines. He also claimed that prison officials failed to file/resolve his grievances as to

such matters.  The Court summarily dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A, ruling that Plaintiff failed to state a claim upon which relief may be granted under *Bivens*.  The Court denied Plaintiff's application to proceed without prepayment of fees on appeal on September 13, 2006.  Plaintiff then filed a notice of appeal, but the United States Court of Appeals for the Sixth Circuit dismissed his case for want of prosecution on February 20, 2007.  Plaintiff dated the instant motion March 4, 2013.

Plaintiff's motion is untimely.  A motion to alter or amend the judgment must be filed within 28 days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  At the time of the Court's dismissal order in 2006, such a motion had to be filed within 10 days after entry of the judgment.  *See* 2009 Amendments, Fed. R. Civ. P. 59(e).  District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e).  *See* Fed. R. Civ. P. 6(b)(2); *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F.3d 678, 682 (6th Cir. 1999); *Erickson's Flooring & Supply Co., Inc. v. Basic Coatings, Inc.*, No. 04-74990, 2008 WL 2858774, *3 (E.D. Mich. July 23, 2008); *see also Keith v. Bobby*, 618 F.3d 594, 597-98 (6th Cir. 2010) (upholding district court's ruling that Rule 59(e) motion filed six months after transfer order was untimely).  Plaintiff's motion was clearly not filed within 10 days or 28 days of the Court's dismissal order.  His motion is therefore untimely and must be denied.

Moreover, even if the motion was timely filed, it lacks merit.  The Court did not err in dismissing the complaint for failure to state a claim upon which relief may be

2

granted.  Additionally, the Sixth Circuit, not this Court, dismissed his appeal for want of

prosecution for failure to pay the filing fee.  Accordingly, the Court **DENIES** Plaintiff's

motion to alter or amend judgment.

       **SO ORDERED**.

Dated: April 5, 2013

                                     s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
Andrew Gross III, #28240-039
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL  61555